IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEDIPLEX REHABILITATION OF MASSACHUSETTS, INC., <br><br>Plaintiff, <br><br>v. <br><br>910 SARATOGA AND 16-20 TRIDENT STREETS, LLC, ET AL, <br><br>Defendants. | Case No. 04-10904 (PBS) |

## ANSWER

The defendants, 910 Saratoga and 16-20 Trident Streets, LLC and 910 Saratoga and 16-20 Trident Streets Operating Company, LLC (together, "Saratoga") by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 8, answer to the Complaint as follows:

## PARTIES

1. Saratoga denies the allegations contained in paragraph "1" of the Complaint because it lacks knowledge or information sufficient to form a belief as to their truth.

2. Saratoga admits the allegations contained in paragraph "2" of the Complaint.

3. Saratoga admits the allegations contained in paragraph "3" of the Complaint.

## FACTS

4. Saratoga admits the allegations contained in paragraph "4" of the Complaint.

5. Saratoga admits the allegations contained in paragraph "5" of the Complaint.

6. Saratoga admits the allegations contained in paragraph "6" of the Complaint.

7. Saratoga admits that Meditrust assigned the Mortgage to THCI Mortgage Holding Company LLC, an affiliate of Saratoga, but denies the allegations contained in paragraph "7" of the Complaint that state that Meditrust assigned the Mortgage to "THCI Mortgage Holding**s** Company LLC". [*emphasis added*]

8. Saratoga admits the allegations contained in paragraph "8" of the Complaint.

9. Saratoga admits the allegations contained in paragraph "9" of the Complaint.

10. Saratoga avers that the Supplemental Stipulation speaks for itself and otherwise denies the allegations contained in paragraph "10" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

11. Saratoga admits that Mediplex closed the facility, but otherwise denies the allegations contained in paragraph "11" of the Complaint because it lacks knowledge or information sufficient to form a belief as to their truth.

12. Saratoga admits that Exhibit B was entered by the parties thereto, but avers that Exhibit B speaks for itself and otherwise denies the allegations contained in

paragraph "12" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

13. Saratoga avers that the Agreement and Release speaks for itself and otherwise denies the allegations contained in paragraph "13" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

14. Saratoga avers that Exhibit B speaks for itself and otherwise denies the allegations contained in paragraph "14" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

15. Saratoga avers that Exhibit B speaks for itself and otherwise denies the allegations contained in paragraph "15" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

16. Saratoga admits that Mediplex executed Exhibit C, but avers that Exhibit C speaks for itself and otherwise denies the allegations contained in paragraph "16" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

17. Saratoga admits that on October 29, 2002, Exhibit D was entered between the parties thereto, but avers that Exhibit D speaks for itself and otherwise denies the allegations contained in paragraph "17" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

18. Saratoga avers that Exhibit D speaks for itself and otherwise denies the allegations contained in the first sentence of paragraph "18" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

Saratoga admits the allegations contained in the second sentence of Paragraph 18 of the Complaint.

19. Saratoga avers that Exhibit B speaks for itself and otherwise denies the allegations contained in paragraph "19" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

20. Saratoga denies the allegations contained in paragraph "20" of the Complaint.

21. Saratoga denies the allegations contained in paragraph "21" of the Complaint.

## COUNT I
### (Unjust Enrichment)

22. Saratoga repeats and incorporates by reference its responses to paragraphs 1 through 21 of the Complaint as if fully restated herein.

23. Saratoga denies the allegations contained in paragraph "23" of the Complaint.

24. Saratoga admits the allegations contained in paragraph "24" of the Complaint.

25. Saratoga denies the allegations contained in paragraph "25" of the Complaint.

26. Saratoga denies the allegations contained in paragraph "26" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

On or about April 21, 2003, the Debtors in the matter captioned *In re Sun Health Care Group, Inc.*, Case No. 99-3657 (JKF) (Bankr. D. Del.), entered into an agreement titled STIPULATION AND ORDER RE RESOLUTION OF "MOTION OF THCI COMPANY, LLC TO ENFORCE STIPULATION AND ORDER FOR EMERGENCY RELIEF" [DOCKET NO. 8320]. As part of that agreement, the Debtors compromised, waived, and released claims asserted by the Plaintiff in the Complaint.

### SECOND DEFENSE

On or about April 28, 2003, the Court in the matter captioned *In re Sun Health Care Group, Inc.*, Case No. 99-3657 (JKF) (Bankr. D. Del.), entered an Order titled STIPULATION AND ORDER RE RESOLUTION OF "MOTION OF THCI COMPANY, LLC TO ENFORCE STIPULATION AND ORDER FOR EMERGENCY RELIEF" [DOCKET NO. 8320]. Pursuant to that Order, claims asserted by the Plaintiff in this matter were fully and finally and extinguished, and are now barred by the principles of *res judicata*.

### THIRD DEFENSE

Plaintiff has already received payment with respect to claims for which it seeks relief under the Complaint.

**FOURTH DEFENSE**

Any amounts to which Plaintiff would otherwise be entitled under the allegations of the Complaint must be offset by amounts owed by Plaintiff to Saratoga pursuant to Plaintiff's unfulfilled obligations under the Operations Transfer Agreement that is the basis of the Plaintiff's complaint. Such offset amounts include, but are not limited to: (1) sums mistakenly sent by third-party payers to, and retained by, Plaintiff with respect to services, supplies, and invoices properly attributable to Saratoga's operation of the facility; (2) amounts recouped by third party payers such as insurance carriers and governmental benefit programs against Saratoga or parties related to Saratoga but attributable to overpayments made to Plaintiff; and (3) losses to Saratoga resulting from Plaintiff's failure properly and timely to turn over property and equipment associated with the facility.

**FIFTH DEFENSE**

The amounts to which Plaintiff might otherwise be entitled under the allegations of the Complaint must be offset by amounts paid by or on behalf of Saratoga to third parties, with respect to and for the continued maintenance and support of the nursing home facility and its patients, that were necessary for continuance of the facility's operations and that were required to be paid by Plaintiff, but that Plaintiff failed or refused to pay. The offsets identified in this Fifth Defense include, but are not limited to, payments made by or on behalf of Saratoga to employees, employee benefit plans, and governmental licensing and taxing authorities.

**SIXTH DEFENSE**

The Complaint fails to state a claim against Saratoga on which relief may be granted.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the principles of estoppel and unclean hands.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the principles of *laches*.

*WHEREFORE*, Saratoga prays that the Court enter judgment dismissing the Complaint in its entirety with prejudice and awarding to Saratoga and against the Plaintiff costs, disbursements, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: May 25, 2004

> 910 Saratoga and 16-20 Trident Streets, LLC and 910 Saratoga and 16-20 Trident Streets Operating Company, LLC,
>
> By their Attorneys
>
> _____
> Vincent J. Pisegna BBO #400560
> Anthony J. Cichello BBO #562826
> KROKIDAS & BLUESTEIN LLP
> 600 Atlantic Avenue
> Boston, MA 02210
> (617) 482-7211

<u>Of Counsel</u>

Ronald L. Castle
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington DC 20036-5339
Tel: (202) 857-6000
Fax: (202) 857-6395
