BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE SUN HEALTHCARE GROUP, INC. V. THCI COMPANY LLC | ) ) ) ) ) ) | MDL DOCKET NO. _____ |

## MEMORANDUM IN SUPPORT OF THCI'S MOTION TO TRANSFER AND CONSOLIDATE ACTIONS FOR PRETRIAL PROCEEDINGS

Petitioner THCI Company LLC ("THCI" or "Petitioner") respectfully submits this Memorandum in support of its motion to consolidate four federal cases that are pending against THCI and its subsidiaries in three different courts.

Sun Healthcare Group, Inc. ("Sun"), along with many of its subsidiaries, have brought four federal lawsuits against THCI and many THCI subsidiaries. The cases are currently pending in the Districts of New Jersey, Massachusetts, and Connecticut. The claims in each case involve common questions of fact and law, and arise from the same set of complex agreements and Bankruptcy Orders entered in and related to Sun's bankruptcy proceedings in the District of Delaware. THCI requests that the Panel consolidate the four cases discussed herein for pretrial purposes in the United States District Court for the District of New Jersey, with the case of *Sun Healthcare Group, Inc. v. THCI Company, LLC*, Civil Action No. 04-1202 (the "New Jersey Action").

Pursuant to Panel Rule 7.2(a), a list of the four actions that THCI seeks to consolidate for pretrial proceedings is attached as Schedule I to the Motion to Transfer and Consolidate. The complaints in each of the cases are reproduced and attached hereto as Exhibits A through D, and for the cases that were removed from

state court to federal district court, notices of removal are attached as Exhibits E through G.

# I.
# BACKGROUND

### A.    The Parties and Their Relationship

1.    The Plaintiffs in the New Jersey Action are Sun Healthcare Group, Inc. ("Sun") and 15 of Sun's subsidiaries and affiliates, and the defendants are THCI and 72 of its subsidiaries from around the country.

2.    Sun is a holding company for various direct and indirect subsidiaries that operate approximately 110 skilled nursing facilities, rehabilitation hospitals and clinics. Exhibit A, New Jersey Complaint, ¶ 4.

3.    THCI owns and has owned subsidiary and affiliate entities that own or hold mortgages on numerous real properties that are leased to or owned by nursing home operators, including at times subsidiaries and affiliates of Sun.

4.    On October 14, 1999, Sun, along with many of its subsidiaries, filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. Exhibit B, Connecticut Complaint, ¶3. The Sun bankruptcy cases are jointly administered by the Bankruptcy Court as Case Number 99-3657. After October 1999, THCI instituted adversary litigation against Sun in which, *inter alia*, THCI sought to enforce the terms of approximately 40 leases and mortgages between THCI and Sun, and Sun sought selectively to reject certain of those same leases and mortgages.

5.    In January and February 2002, THCI and Sun entered into two lengthy stipulations (the "2002 Stipulations") in an effort to resolve their outstanding disputes

globally. These stipulations required Sun to surrender to THCI title for the real property on which it operated many of its facilities, and to allow entities designated by THCI to operate the nursing home facilities. The 2002 Stipulations were adopted as orders by the Bankruptcy Court, which also confirmed the overall Sun Joint Plan of Reorganization (the "Plan of Reorganization") effective February 28, 2002. The transfers of the facilities were accomplished through substantively identical Operation Transfer Agreements between the affiliates of THCI and Sun (each is referenced as an "OTA", collectively "OTAs"), as approved by the 2002 Stipulations. *See* Exhibit A, New Jersey Complaint, ¶ 24.

6. All of the OTAs between the Sun affiliates and the THCI affiliates, and the Bankruptcy Court Stipulations, are at issue in the New Jersey Action. And in each of the other federal actions, the claims there also arise under one of these specific OTAs and the Stipulations.

7. After the 2002 Stipulations were entered as orders, and the Plan of Reorganization was confirmed, additional disputes arose between Sun and THCI over the proper interpretation and implementation of those documents and other ancillary agreements. On April 28, 2003, the Bankruptcy Court entered as an order a third stipulation (the "2003 Stipulation") consisting of 42 pages, exclusive of exhibits, intended to resolve the numerous disputes between Sun and THCI concerning, *inter alia*, rental obligations, lease rejections, mortgage payments, facility turnover obligations, expense and net operating loss reimbursements.

8. After the 2003 Stipulation was entered as an order in April, still more disputes arose, and remain unresolved, between Sun and THCI arising from and

related to the 2002 Stipulations, the Plan of Reorganization, the 2003 Stipulation, and incorporated and referenced documents, including both new and prior OTAs.

      **B.**    **The Pending Actions**

      9.    <u>The New Jersey Action</u> – On or about March 23, 2004, Sun and 15 of its entities filed a civil action against THCI and 72 of its subsidiaries in the United States District Court for the District of New Jersey, styled as *Sun Healthcare Group, Inc. v. THCI Company, LLC*, Civil Action No. 04-1202 (D.N.J.). The Complaint in that action is attached as Exhibit A hereto (the "New Jersey Complaint"). The New Jersey Complaint alleges, *inter alia*, that THCI and 72 of its affiliates breached the 2003 Stipulation, the 2002 Stipulations, and the Operations Transfer Agreements that were authorized by, and incorporated by reference in, the 2002 and 2003 Stipulations.

      10.    The New Jersey Complaint incorrectly asserts that THCI and its affiliates have failed to pay more than $10 million in accounts receivable to THCI and its subsidiaries as required by the OTAs, and have failed to produce records regarding the same. In the related cases in Massachusetts and Connecticut, discussed below, three of Sun's affiliates allege there, just as in the New Jersey Complaint, that THCI's affiliates breached the OTAs and the terms of the Bankruptcy Court stipulations.

      11.    <u>The Connecticut Action</u> – One Sun affiliate, Mediplex of Connecticut, Inc. ("Mediplex Connecticut"), filed a breach of contract action in state court in Connecticut, on or about April 8, 2004, alleging that a THCI affiliate failed to pay more than $480,000 for accounts receivables collected at a site transferred to THCI pursuant to the terms of an OTA. The transfer deal was authorized by the second 2002 Stipulation in the Bankruptcy Court. The case was removed to the United

States District Court for the District of Connecticut, pursuant to 28 U.S.C. 1334, since it is related to a pending bankruptcy proceeding, and is styled as *Mediplex of Connecticut, Inc. v. 745 Highland Avenue Operating Co., LLC*, Civil Action No. 04-00754 (CFD). (The Connecticut Complaint is attached as Exhibit B.)

12. <u>The Massachusetts Actions</u> – Two Sun affiliates filed separate state court actions in Massachusetts on or about April 6, 2004, and both of these affiliates are among the plaintiffs in the New Jersey Action. In the first case, filed in Norfolk, styled as *Mediplex of Massachusetts, Inc. v. Park, Marion and Vernon Streets Op. Co., LLC* (which was removed to the District of Massachusetts, Civil Action No. 04-10903 (RCL)), Sun's affiliate, Mediplex of Massachusetts, alleges that a THCI affiliate breached the terms of an OTA by failing to turn over accounts receivable collected at the former Sun facility. The Complaint is attached as Exhibit C hereto.

13. Likewise, in the second Massachusetts case, styled *Mediplex Rehabilitation of Massachusetts, Inc. v. 910 Saratoga and 16-20 Trident Streets, LLC* (removed to the District of Massachusetts, Civil Action No. 04-10904 (PBS)), Sun's affiliate asserts that the defendants, two THCI affiliates, failed to pay certain sums required by the second 2002 Stipulation in the Bankruptcy Court related to the transfer of property to the THCI entities in the Bankruptcy proceeding. The Complaint is attached hereto as Exhibit D.

14. There are 87 parties in the four cases that THCI seeks to consolidate, and they are all either affiliates of Sun or THCI, in addition to Sun and THCI. The facts, transactions and occurrences, giving rise to the claims in each case are the same. They spring from the same operating transfer agreements (OTAs), and

5

Bankruptcy Court orders and stipulations. The Sun-plaintiffs in the Massachusetts and Connecticut actions are also plaintiffs in the New Jersey Action. Based on the common factual and legal issues in each case, they should be consolidated for pretrial purposes, instead of burdening the dockets of four busy federal judges with duplicative discovery and pretrial issues.

## II.
## ARGUMENT

A.  **Legal Standard for Consolidation**

1.  "When civil actions involving one or more common question of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The purpose of section 1407 is to ensure just, efficient and consistent conduct and adjudication of related actions pending in multiple districts. Consolidation is warranted where, as here, it will "eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . and conserve the resources of parties, their counsel and the judiciary." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F.Supp. 1553, 1554 (J.P.M.L. 1994); *see also In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F.Supp. 1098, 1100 (J.P.M.L. 1992); *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F.Supp. 969, 974 (J.P.M.L. 1979).

2.  Consolidation is appropriate even where the actions are relatively few in number, when there are common questions of fact, and transfer will not inconvenience the parties. *See In re CBS Licensing Antitrust Litigation*, 328 F.Supp. 511, 512 (J.P.M.L. 1971) (consolidating two cases after determining that there were common issues of fact and that the inconvenience to the parties was "minimal"); *In re*

6

*Japanese Electronic Products Antitrust Litigation*, 388 F. Supp. 565, 566 (J.P.M.L. 1975) (consolidating two antitrust cases by two plaintiffs against 11 defendants because issues were common); *In re Amoxicillin Patent and Antitrust Litigation*, 449 F. Supp. 601, 603 (J.P.M.L. 1978) (consolidating three cases against three drug manufacturers by two plaintiffs).

3. Section 1407 consolidation is particularly warranted where, as here, the common issues of fact are complex. *See In re Warehouse Constr. Contract Litigation*, 387 F. Supp. 734, 736 (J.P.M.L. 1975) ("in spite of the fact that there are only two actions in this litigation, the factual issues are sufficiently complex to warrant a Section 1407 transfer."). Under circumstances very similar to the facts here, the Panel in *In re Warehouse, supra,* consolidated the two related cases before it, and held that they were complex because, like here, the claims related to a "reorganization proceeding filed by the owners of the warehouse" that resulted in a transfer of ownership interests to the plaintiffs. *Id.* at 735-36. Here, the issues are similarly complex. The factual and legal disputes in each case involve the interpretation and application of more than thirty complex operating transfer agreements, three lengthy and detailed Bankruptcy Court stipulations, and events concerning the creation and implementation of these complex documents.

    **B.**    **The Actions Involve Claims Against Common Defendants.**

4. The plaintiffs in all four cases are Sun and its affiliates. The defendants in each of the cases are THCI and its affiliates. The seven parties on both sides of the cases in Massachusetts and Connecticut are among the 87 parties to the New Jersey Action.

### C. The Actions Involve Common Legal and Factual Questions and Claims for Relief, and Consolidation Will Avoid Inconsistent Pretrial Rulings and Duplicative Discovery Efforts.

5. In all four federal actions, Sun and its affiliates allege that THCI and its affiliates have breached their obligations to remit accounts receivable and other monies pursuant to the identically-worded OTAs between the THCI affiliates and the Sun affiliates. Discovery in each case will involve the same contracts, communications, financial documents, and other information needed to prove or defend against the common contractual claims.

6. "Transfer [or consolidation] under Section 1407 is not dependent on a strict identity of issues and parties but rather on the existence of one or more common questions of fact." *Japanese Elec.*, 388 F. Supp. at 567. In *Japanese Elec.*, the claims in the two federal cases there were not identical – in fact, the antitrust claims in the New Jersey case involved only a limited category of electronics while the Pennsylvania case was not so limited. Yet, the Panel consolidated the two cases in light of the common question of whether the plaintiffs engaged in price discrimination. Likewise, consolidation is warranted here even though the New Jersey Action contains a few additional claims that are not specifically asserted in the other actions. There is no question that there are multiple common factual questions in each of the cases, including, among others, (1) whether and under what circumstances the OTAs required THCI's affiliates to submit accounts receivable and other monies to Sun, (2) whether and in what amounts THCI's affiliates may have collected accounts receivable that need to be turned over to Sun, and (3) whether and to what extent the Release in the 42-page 2003 Stipulation extinguish the claims Sun

8

and its affiliates asserts in each of these cases.

7. If the cases against THCI are not consolidated for pretrial purposes, each Court would be required to issue separate rulings on dispositive motions involving the interpretation of the identically worded OTAs and the provisions of the complex and lengthy Bankruptcy Court stipulations and orders that authorize the OTAs, specifically including the Release provisions of the April 2003 Stipulation that govern all four actions. Also, the four Judges handling these cases could very possibly make discovery rulings – concerning, for example, whether a certain piece of discovery should be produced or withheld – that are directly at odds with the rulings of another court. One party may get discovery in one case after being denied the same discovery by another court. Avoiding inconsistent pretrial ruling is one of the main purposes of a 28 U.S.C. § 1407 consolidation. *See In re Longhorn Secs. Litig.*, 552 F. Supp. 1003, 1004 (J.P.M.L. 1983) (holding that transfer was necessary to prevent inconsistent rulings and to conserve resources of the parties and the courts); *Warehouse Constr.*, 387 F. Supp. at 736 ("transfer will prevent duplication of discovery and inconsistent pretrial rulings.").

8. It is not sufficient here to rely on the parties in each case to voluntarily coordinate consolidated discovery efforts. First, it would not solve the problem of inconsistent rulings, discussed above. Second, with 87 parties in total, and, at present, four different law firms representing the multiple plaintiffs, it is impractical for the parties to consolidate discovery efforts without some court supervision. In *In re Peruvian Road Litigation*, 380 F. Supp. 796 (J.P.M.L. 1974), the Panel granted a motion to consolidate four related cases with common factual issues, and stated:

9

> A section 1407 transfer serves as a guarantee against that discovery being duplicated by the parties to the Idaho and Texas actions. *And while informal coordination of discovery amongst the parties to eliminate repetition is commendable in any complex litigation, the supervision of the discovery and all other pretrial proceedings in this litigation by a single judge will redound to the advantage of both plaintiff and defendants and ensure a just and efficient termination of the pretrial stage,* at a considerable savings of judicial time and resources.

*Id.* at 798 (emphasis added). The cases should be consolidated before one Judge so that discovery and the inevitable pretrial motions in these related cases by the 87 parties can be managed efficiently by one Judge.

**D.     The District of New Jersey is the Proper Forum for Consolidation.**

9.      There is no question that New Jersey is the proper forum, of the three, in which these cases should be consolidated. First, the New Jersey Action was filed first. Second, all 16 Sun-related plaintiffs in the New Jersey Action, including the three plaintiffs in the Connecticut and Massachusetts Actions, chose the District of New Jersey as the forum in which to bring their first suit. Surely, the Plaintiffs cannot claim New Jersey is inconvenient since they chose that forum for the majority of their claims.

### E.     Conclusion

10.     As discussed herein, THCI respectfully requests that the Panel consolidate all four cases in the District of New Jersey for coordinated and consolidated pretrial purposes.  All of these cases involve nearly identical claims and common questions of fact and law.  And consolidation will promote the just and efficient conduct of the litigation and prevent inconsistent pretrial rulings.

Respectfully Submitted,

*/s/ Ronald L. Castle*

Ronald L. Castle
Lisa A. Estrada
Ernest A. Tuckett III
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
202-857-6000

*Counsel for Petitioner THCI Company LLC*

## CERTIFICATE OF SERVICE

I, hereby certify that on this 1st day of June, 2004, a true and correct copy of the foregoing **MOTION OF THCI COMPANY LLC TO TRANSFER AND CONSOLIDATE ACTIONS FOR PRETRIAL PROCEEDINGS**, and the memorandum in support of the same, to be served by first class U.S. mail, postage prepaid, upon the following counsel for the Plaintiffs in the actions THCI seeks to have consolidated:

Richard P. O'Neil, Esq.
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114
**Counsel for Plaintiffs in the Massachusetts Actions**

Douglas S. Skalka, Esq.
Simon I. Allentuch, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
**Counsel for Plaintiff in the Connecticut Action**

Daniel P. Simpson, Esq.
Newman & Simpson, LLP
32 Mercer Street
Hackensack, NJ 07601
**Counsel for Plaintiffs in the New Jersey Action**

I also hereby certify, in accordance with MDL Rule 5.2(b), that counsel for the Defendants in each federal case that the Motion seeks to have consolidated have filed a copy of the aforesaid Motion electronically in the Court where each case is currently pending.

_____
Ernest A. Tuckett