(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK. ss.

SUPERIOR COURT
CIVIL ACTION

NO.

04 00587

Mediplex
of Massachusetts, Inc. , *Plaintiff(s)*

v.

Park, Marion and Vernon Streets
Operating Company, LLC , *Defendant(s)*

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Richard P. O'Neil , plaintiff's attorney, whose address is Bodoff & Slavitt LLP 225 Friend St., Boston 02114 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at Dedham the seventh

day of April , in the year of our Lord two thousand and four

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                            SUPERIOR COURT DEPT.
                                                        C.A. No.

MEDIPLEX OF MASSACHUSETTS, INC.          )
           Plaintiff,                     )              04  00587
                                          )
                                          )
v.                                        )
                                          )
                                          )
PARK, MARION AND VERNON STREETS           )
OPERATING COMPANY, LLC,                    )
           Defendant.                      )
                                          )

## COMPLAINT

### Parties

1.      The plaintiff, Mediplex of Massachusetts, Inc. ("Mediplex") is a

Massachusetts corporation with a principal business address of 101 Sun Avenue, N.E.,

Albuquerque, New Mexico.

2.      The defendant, Park, Marion and Vernon Streets Operating Company,

LLC ("Park Marion") is a Delaware limited liability company registered to do business in

the Commonwealth of Massachusetts and, in fact, doing business at 99 Park Street,

Brookline, Massachusetts. Park Marion's registered agent in the Commonwealth is

National Corporate Research, LTD., 18 Tremont Street, Suite 146, Boston, Massachusetts

02108.

### Facts

3.      On or about October 29, 2002, Mediplex entered into an Operations

Transfer Agreement (the "OTA") with Park Marion. A true and correct copy of the OTA

is attached hereto as Exhibit A.

4.      Prior to execution of the OTA, Mediplex was the licensed operator of a long-term care facility located at 99 Park Street, Brookline, Massachusetts (the "Facility").

5.      On October 14, 1999 (the "Petition Date"), Mediplex, together with its parent company, Sun Healthcare Group, Inc. ("Sun Healthcare") and other direct and indirect subsidiaries of Sun Healthcare, commenced cases under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

6.      On February 4, 2002, the Bankruptcy Court authorized Mediplex to transfer the Facility to Park Marion.

7.      The OTA was entered into between Mediplex and Park Marion in order to facilitate the transition of operational and financial responsibility for the Facility from Mediplex to Park Marion.

8.      Pursuant to paragraph 6.1 of the OTA, Mediplex retained its right, title and interest in and to all unpaid accounts receivable with respect to the Facility which related to services provided during the period prior to the effective date of the OTA, including any accounts receivable arising from rate adjustments that related to services provided prior to the effective date of the OTA even if such adjustments occurred after the effective date of the OTA.

9.      The effective date (the "Effective Date") of the OTA is defined in the OTA as the date that Park Marion became duly licensed by the Commonwealth of Massachusetts, Department of Public Health to operate the Facility or received

2

assurances, acceptable to Mediplex, that it would be so licensed and certified, which date was January 12, 2003.

10.    The OTA required Mediplex to provide Park Marion with a schedule setting forth by patient its outstanding accounts receivable as of the Effective Date. Mediplex fully complied with this requirement.

11.    Further as to accounts receivable, any payments received by Park Marion from third-party payors, such as Medicare, Medicaid and Veterans' Administration, that related to the period prior to the Effective Date were to be forwarded to Mediplex, together with the applicable remittance advice, by the last day of the month if the payment was received on or prior to the 15th of said month or within ten (10) business days after the end of said month if the payment was received after the 15th of said month.

12.    If any payments were received during the first forty-five (45) days after the Effective Date from or on behalf of private pay patients with outstanding balances as of the Effective Date and said payments failed to designate the period to which they related, Mediplex was entitled to payment in full therefrom for any pre-Effective Date balances, before Park Marion was entitled to payment of any portion of post-Effective Date balances.

13.    Pursuant to paragraph 6.6 of the OTA, for the six-month period following the Effective Date or until Mediplex received payment of all accounts receivable attributed to the operation of the Facility prior to the Effective Date, Park Marion was required to provide Mediplex with an accounting by the 20th day of each month setting forth all amounts received by Park Marion during the preceding month with respect to accounts receivable, which were set forth in the schedule of accounts receivable provided

3

by Mediplex to Park Marion. Paragraph 6.6 of the OTA also gave Mediplex the right to inspect all cash receipts of Park Marion in order to confirm Park Marion's compliance with its obligations under that paragraph.

14. Mediplex's records show that it has outstanding accounts receivable in the amount of $38,054.31 (the "Mediplex Accounts Receivable") that have not been paid to it.

15. Despite demands made in the regular course of business, Park Marion has failed and refused to provide monthly accountings pursuant to paragraph 6.6 of the OTA. As a result, Mediplex has been unable to determine precisely how much of the Mediplex Accounts Receivable were collected by Park Marion, all of which must be turned over to Mediplex.

## COUNT I
### (Breach of Contract)

16. Mediplex repeats and realleges the preceding paragraphs as though fully set forth herein.

17. Park Marion breached the OTA by failing to provide monthly accountings and by failing to remit to Mediplex the Mediplex Accounts Receivable.

18. Mediplex has suffered damages as a direct and proximate cause of Park Marion's breaches of contract, entitling Mediplex to judgment in an amount equal to the Mediplex Accounts Receivable, plus interest and costs.

## COUNT II
### (Conversion)

19. Mediplex repeats and realleges the preceding paragraphs as though fully set forth herein.

20.    Pursuant to paragraph 6 of the OTA, the Mediplex Accounts Receivable remained the property of Mediplex.

21.    Upon information and belief, Park Marion has knowingly received the Mediplex Accounts Receivable and has, in violation of its obligations pursuant to the OTA, retained the Mediplex Accounts Receivable rather than delivering same to Mediplex.

22.    Upon information and belief, instead of delivering the Mediplex Accounts Receivable to Mediplex, Park Marion converted the Mediplex Accounts Receivable for their own benefit.

23.    Mediplex has suffered damages as a direct and proximate cause of Park Marion's conversion of the Mediplex Accounts Receivable, entitling Mediplex to judgment in an amount equal to the Mediplex Accounts Receivable, plus punitive damages, interest and costs.

## COUNT III
### (Constructive Trust)

24.    Mediplex repeats and realleges the preceding paragraphs as though fully set forth herein.

25.    Upon information and belief, Park Marion received the Mediplex Accounts Receivable on behalf of Mediplex.

26.    The receipt of the Mediplex Accounts Receivable by Park Marion should be held to have created a constructive trust for the benefit of Mediplex.

<u>COUNT IV</u>
(Money Had and Received)

27.     Mediplex repeats and realleges the preceding paragraphs as though fully set forth herein.

28.     Upon information and belief, Park Marion has received and improperly retained the Mediplex Accounts Receivable.

29.     Equity and good conscience require that Park Marion turn over such funds to Mediplex.

30.     By virtue of the foregoing, Park Marion is liable to Mediplex in an amount equal to the Mediplex Accounts Receivable, plus interest and costs.

<u>COUNT V</u>
(M.G.L. c. 93A)

31.     Mediplex repeats and realleges the preceding paragraphs as though fully set forth herein.

32.     At all relevant times, Mediplex and Park Marion were engaged in the conduct of a trade or commerce.

33.     The actions of Park Marion set forth above constitute unfair and deceptive acts or practices within the meaning of M.G.L. c. 93A, §§ 2 and 11.

34.     Mediplex suffered damages as a result of the unfair and deceptive acts or practices set forth above.

<u>COUNT VI</u>
(Accounting)

35.     Mediplex repeats and realleges the preceding paragraphs as though fully set forth herein.

36.     Park Marion breached its obligation under paragraph 6.6 of the OTA by failing to provide monthly accountings to Mediplex for the Mediplex Accounts Receivable.

37.     Mediplex is entitled to an accounting, by month, for all such payments received by Park Marion.

WHEREFORE, Mediplex prays that the Court:

A.     Under Counts I through V, enter judgment in favor of Mediplex and against Park Marion in an amount to be determined by the Court, plus treble or punitive damages, interest and costs;

B.     Under Count VI, order Park Marion to account for all payments received by it with respect to the Mediplex Accounts Receivable; and

C.     Grant such further relief as the Court deems just and equitable.

MEDIPLEX OF MASSACHUSETTS, INC.
By its attorneys,

*Richard P. O'Neil*

Joseph S.U. Bodoff (549116)
Richard P. O'Neil (645214)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114-1908
(617) 742-7300

Dated: April 6, 2004