COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                          SUPERIOR COURT DEPT.

|   |   |
|---|---|
| MEDIPLEX OF MASSACHUSETTS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PARK, MARION AND VERNON ) <br> STREETS OPERATING COMPANY, ) <br> LLC, ) <br> ) <br> Defendant. ) | C.A. No. 04-00587 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE SUPERIOR COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on May 6, 2004, a Notice of Removal pursuant 28 U.S.C. § 1452 was filed in the United States District Court for the District of Massachusetts.

A true and correct copy of said Notice of Removal (without Exhibits) is attached hereto as <u>Exhibit A</u>.

Dated: May 6, 2004

Respectfully submitted,

Park, Marion and Vernon Streets Operating Company, LLC,

By its Attorneys

_____
Vincent J. Pisegna  BBO #400560
Anthony J. Cichello  BBO #562826
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 482-7211


## CERTIFICATE OF SERVICE

I, Anthony J. Cichello, hereby certify that on May 6, 2004, I served the foregoing document via first class mail, postage prepaid upon Richard P. O'Neil, Bodoff & Slavitt LLP, 225 Friend Street, Boston, MA  02114.

_____
Anthony J. Cichello

2019\0004\139220.1

2

Case 1:04-cv-10904-PBS   Document 8-7   Filed 06/01/2004   Page 3 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MEDIPLEX OF MASSACHUSETTS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| PARK, MARION AND VERNON ) | |
| STREETS OPERATING COMPANY, LLC ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

The defendant Park, Marion and Vernon Streets Operating Company, LLC (hereafter "Park Marion"), by its undersigned counsel, hereby removes this action pursuant to 28 U.S.C. § 1452 from the Norfolk Superior Court, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. In support of removal under 28 U.S.C. § 1452, Park Marion states:

### PROCESS AND PLEADING

1. The action removed is reflected in the Complaint (the "Complaint") captioned *Mediplex of Massachusetts, Inc. v. Park, Marion And Vernon Streets Operating Company, LLC*, C.A. No. 04-00587 (Superior Court, Norfolk County, Massachusetts).

2. The Complaint was served on, and first received by, Park Marion, on April 7, 2004. A true and accurate copy of the Complaint is attached as Exhibit A.

3. As required by 28 U.S.C. § 1446, this Notice of Removal is filed within thirty (30) days of Park Marion's receipt of the Complaint.

4. Park Marion expressly reserves all rights and defenses relating to the Complaint.

### BACKGROUND AND PREDICATE FOR REMOVAL

5. The plaintiff Mediplex of Massachusetts, Inc. ("Mediplex") is a a subsidiary of Sun Healthcare Group, Inc. ("Sun Group"). Complaint, Exhibit A at ¶¶ 3, 5. Sun Group is and has been, through various subsidiaries and affiliates, one of the nation's largest operators of long-term care (nursing home) facilities. Mediplex represented, at material times, one of Sun's subsidiaries and it operated the nursing home at issue, located at 99 Park Street, Brookline, Massachusetts (the "Brookline Facility").

6. Park Marion is a subsidiary of THCI Company LLC. THCI Company LLC owns and has owned subsidiary and affiliate entities (collectively "THCI"), including but not limited to Park Marion, that own or hold mortgages on numerous real properties that are leased to or owned by nursing home operators, including at times subsidiaries and affiliates of Sun Group, including Mediplex.

7. At times prior to January 2003, THCI held a mortgage on the real property associated with the Brookline Facility that is at issue under the Complaint. The Brookline Facility was owned and operated as a nursing home by Sun Group through Mediplex.

8. On October 14, 1999, Sun Group, along with its Mediplex and numerous other subsidiaries (collectively "Sun"), filed voluntary petitions for relief under

Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware. Complaint, Exhibit A at ¶ 5.

9. The Sun bankruptcy cases are jointly administered by the Bankruptcy Court as Case Number 99-3657. The Sun bankruptcy proceedings remained open as of the date of this Notice.

10. After October 1999 but prior to February 2001, THCI and Sun engaged in adversary litigation in which, *inter alia*, THCI sought to enforce the terms of approximately 40 leases and mortgages between THCI and Sun, and Sun sought selectively to reject certain of those same leases and mortgages.

11. In January 2002, THCI and Sun entered into two stipulations (the "2002 Stipulations") intended to resolve their outstanding disputes globally. The second of the two stipulations, styled the "Supplemental Stipulation", addressed the Brookline Facility at issue and called for Sun to surrender title of the real property to THCI and to turn over operation of the nursing home facility to an entity designated by THCI. Supplemental Stipulation at ¶ 4.

12. The 2002 Stipulations were adopted as orders by the Bankruptcy Court, which also confirmed the overall Sun Joint Plan of Reorganization (the "Plan of Reorganization") effective February 28, 2002 and authorized Sun to transfer the Brookline Facility to Park Marion.

13. The Plan of Reorganization provides in § 11.1(f) that the Bankruptcy Court retains jurisdiction "[t]o hear and determine any disputes or issues arising under . . . any . . . settlements of claims approved by the Bankruptcy Court."

3

14. Pursuant to the 2002 Stipulations, to the Plan of Reorganization, and to an Operations Transfer Agreement (the "Brookline OTA") that is attached as an exhibit to the Complaint, Sun transferred operational responsibility for the Brookline Facility to Park Marion in January 2003.

15. Following the entry as orders of the 2002 Stipulations and confirmation of the Plan of Reorganization, further and additional disputes arose between Sun and THCI over the application and implementation of those documents and other ancillary agreements including the Brookline OTA.

16. On April 28, 2003, the Bankruptcy Court entered as an order a third stipulation (the "2003 Stipulation") of 42 pages, exclusive of exhibits, intended to resolve the numerous disputes outstanding between Sun and THCI concerning rental obligations, lease rejections, mortgage payments, facility turnover obligations, expense and net operating loss reimbursements, and various other related obligations arising under prior agreements between Sun and THCI.

17. The 2003 Stipulation contained provisions that expressly addressed the Brookline OTA, which was specially defined as one of several "Prior OTAs" between Sun and THCI. 2003 Stipulation at § 1(t).

18. The 2003 Stipulation also contained provisions for "General Release of Claims by THCI Entities and Sun Entities". 2003 Stipulation at § 13. The General Release provisions extended to some, but not all, claims arising under the "Prior OTAs". 2003 Stipulation at § 1(h), specially defining "Excluded Prior OTA Claims".

19. The 2003 Stipulation at § 29 included an agreement by the parties that the Bankruptcy Court shall have jurisdiction over any action to enforce or interpret any

4

provision of the Stipulation, and over any action arising under or relating to the Stipulation.

20. After the 2003 Stipulation was entered in April, numerous disputes arose, and remain unresolved, between Sun and THCI arising from and related to the 2002 Stipulations, the Plan of Reorganization, the 2003 Stipulation, and incorporated and referenced documents, including both new and "Prior" operations transfer agreements.

21. On or about March 23, 2004, Sun Group and 15 other Sun entities, including specifically its subsidiary Mediplex of Massachusetts, Inc. as a named plaintiff, filed a civil action against THCI and 72 of its subsidiaries in the United States District Court for the District of New Jersey. Complaint in Civil Action No. 04-1202 (D.N.J.) attached as Exhibit B hereto (the "Federal Complaint"). The Federal Complaint alleges, *inter alia*, breaches by THCI of the 2003 Stipulation and of numerous Operations Transfer Agreements that were required, made applicable by, and incorporated by reference in, the 2002 and 2003 Stipulations.

22. Sun states in the Federal Complaint that it seeks enforcement of the 2003 Stipulation and the incorporated OTAs. The Federal Complaint asserts that the United States District Court has jurisdiction over those disputes by virtue of 28 U.S.C. § 1334 because the disputes are "related to" the Sun Bankruptcy within the meaning of 28 U.S.C. § 1334(a). Federal Complaint, Exhibit B, at ¶ 1.

23. Despite its earlier filing of the Federal Complaint, Sun, by Mediplex, filed and served on April 7, 2004 the Complaint in which Sun alleges that THCI, by Park Marion, has breached the Brookline OTA, which was entered pursuant to the 2002 Stipulations and the Plan of Reorganization.

5

## BASIS FOR REMOVAL

24.   Park Marion is entitled to remove the Complaint to this Court under 28 U.S.C. § 1452(a).

25.   Under 28 U.S.C. § 1452(a), "[a] party may remove any . . . cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

26.   Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11." (Emphasis added.)

27.   The Complaint is a case "related to" a case under title 11 because it seeks resolution of disputes over the meaning and application of the 2002 and 2003 Stipulations that were approved and entered as orders by the Bankruptcy Court ancillary to that Court's confirmation of the Plan. The questions raised by the Complaint include, but are not limited to, whether the extinction of claims imposed by the 2003 Stipulation and the Plan of Reorganization bar the claims asserted by the Complaint.

28.   The Complaint is "related to" a case under title 11 because its resolution will necessarily involve interpretation of the 2003 and 2002 Stipulations which were entered as Bankruptcy Court Orders, including in particular but not limited to the provisions that define "Prior OTAs" and "Excluded Prior OTA Claims", and that define the scope of the General Releases. *See, e.g., Middlesex Power Equipment and Marine, Inc. v. Town of Tyngsborough Massachusetts*, 292 F.3d 61, 68 (1st Cir. 2002) ("related to" proceedings are "proceedings which potentially have some effect on the bankruptcy

6

estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate" (citations and quotations omitted)).

29. For these reasons, and as admitted by Sun by its assertion of federal jurisdiction for the Federal Complaint, this Court has jurisdiction over the Complaint under 28 U.S.C. § 1334(b).

WHEREFORE, Defendant Park, Marion and Vernon Streets Operating Company, LLC, respectfully requests that this matter be removed to this Court pursuant to 28 U.S.C. § 1452.

Dated: May 6, 2004

Respectfully Submitted,

Park, Marion and Vernon Streets Operating Company, LLC,

By its Attorneys

_____
Vincent J. Pisegna  BBO #400560
Anthony J. Cichello  BBO #562826
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

7

## CERTIFICATE OF SERVICE

    I, Anthony J. Cichello, hereby certify that on May 6, 2004, I served the foregoing document via first class mail, postage prepaid upon Richard P. O'Neil, Bodoff & Slavitt LLP, 225 Friend Street, Boston, MA 02114.

                                                                        _____
                                                                        Anthony J. Cichello